*J. & W. L. Harlan* for plaintiff; *Robertson and Spillman* for defendant.

CRIMES
vs
BALLARD'S AD'R
AND HEIRS.

---

## Grimes *vs* Ballard's Adm'r. and Heirs.

ERROR TO THE JESSAMINE CIRCUIT.

*Devises. Wills. Rescission. Estates tail.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

CHANCERY.

*Case* 154.

*July* 18.

Case stated.

THIS case presents the question discussed in the case of *Deboe* vs *Lowen,* just decided, whether James Lowen took an estate for life or an estate of inheritance under the will of his father, Francis Lowen. It appears that the land allotted to James in the first division under his father's will, was sold and conveyed by him by deed with general warranty, to Lewis Lowen, who conveyed it by similar deed, to John Bourne, who conveyed it with like warranty, to Thomas Ballard; that Ballard sold it by executory contract, to B. R. Grimes, to be conveyed by deed with general warranty, upon payment of the purchase money; and that a judgment having been obtained by Ballard's administrator for a part of the price of the land, Grimes filed his bill questioning the sufficiency of the title of James Lowen and his alienees, as derived under the will of Francis Lowen, deceased; and praying for a rescission if the title be not perfect, but proposing and asking for a specific execution of the contract if the title be not defective.

It has just been decided in the case of *Deboe* vs *Lowen,* that James Lowen did not take a mere life estate under the will of his father, but that he took either a fee simple defeasible on the contingency of his dying without leaving issue at his death, or a fee tail converted into an absolute fee simple. It was also then decided that in either case, his alienation was good against his issue, who in either case must claim under him by des-

Where the ancestor takes either an estate in fee, defeasible upon his death without issue, or a fee tail, (converted by law into a fee simple,) his alienation bars his issue, who in either case cannot

GRIMES
*vs*
BALLARD'S AD'R
AND HEIRS.
────────
claim otherwise
than by descent.

cent. And we are still inclined to the opinion that the provision made for him and his heirs, is in effect an estate tail. The devise to his heirs being a mere continuation or repetition of the devise to him, and being explained to mean heirs of his body, by the previous devise over to his brothers and sisters, if he should die without heirs, makes the whole in effect, a devise to him and the heirs of his body, if he should leave any, which is an estate tail. In this view his conveyance passed an absolute indefeasible title, though he should die without issue. And even if he had a fee defeasible on that contingency, his issue being barred by his conveyance, and it being admitted that he has several children, the bare possibility that the devisees in remainder might become entitled by his death without issue, is so remote a contingency, that we should not regard it as a sufficient ground for rescinding the contract before us, upon the execution of which the vendee will be protected, not only by the warranty of Ballard's representatives, but by the warranties of the previous vendors.

Vendee purchasing the fee cannot be compelled to accept a conveyance from one having only a life estate, though with warranty.

If, as the complainant suggests in his bill, James Lowen had but an estate for life, and his issue would, at his death, be entitled under the will, the vendee could not be compelled to take such a title, however fortified by warranties, unless the issue were bound thereby, or unless the vendee had made the contract with a knowledge of their rights and under some agreement express or implied, that he would be content with the warranties for his protection or indemnity. But the present case is entirely different. The vendor has the fee simple, either absolute by the statute or at the worst defeasible on a contingency which, though possible, is extremely improbable; and the vendee only wants a safe title. Indeed he has based his objection on the ground that James Lowen had an estate for life only, and it is by no means certain that he would object to the title if understood to be defeasible only upon the contingency of the death of James without issue. And if, as we are inclined to think, it be a fee simple absolute, by the statute, there could be no ground of objection. The Court,

therefore, did not err in refusing a rescission and decreeing an execution of the contract.

Wherefore, the decree is affirmed.

*J. & W. L. Harlan* for plaintiff; *Robertson and Spillman* for defendants.